[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. STAY AND SUPPLEMENTAL ORDERS
The defendant in this action has moved pursuant to Section 61-12 of the Rules of Appellate Procedure for a stay of the court's decision of March 31, 2000 modifying the judgment of the court of March 8, 1996 by awarding primary residential custody of the parties' minor child to the plaintiff and permitting her to relocate to the area of Lunenberg, Vermont. For the reasons set forth in this decision, the request for a stay of execution of the court's orders is denied.
In determining whether to grant or deny a stay of execution of a judgment, the court must be guided by a number of considerations. In general, the court should consider the likelihood that an appeal will be successful, the irreparability of the injury to be suffered by the appealing party if the stay is granted or denied, the effect of the stay upon the other parties to the proceedings, and the effect of delay of implementation of the order on other parties involved and on the public interest. Griffin Hospital v. Commission on Hospitals,196 Conn. 451, 456-59 (1985) (affirming the trial court's decision to grant a stay, with conditions, in an administrative appeal). In a decision of whether to stay a custody order, the court must also ". . . assure itself that its judgment will be implemented equitably to serve the best interests of the children for the near as well as for the more distant future." Yontef v. Yontef, CT Page 4418185 Conn. 275, 294 (1981)[1], and must conduct a searching inquiry into the best interests of the minor children during the immediate post judgment period. Id., 292. Finally, the court must act to preserve the "needs of the parent who appeals for a fair opportunity fully to present his or her case." Garrison v.Garrison, 190 Conn. 173, 182 (1983).
The defendant has not argued that his rights to litigate his appeal fully would be diminished by the court's denial of a stay, and the court cannot conclude that they would be. In this case, the court concluded in its memorandum of decision that the best interests of the child would be served by transferring the child's primary residence to the plaintiff and by permitting the plaintiff to move with her to the area of Lunenberg, Vermont, subject to liberal visitation by the child with the defendant. The court finds that it is in the child's best interest for that move to take place immediately. The discussions and litigation between the parties concerning the plaintiff's proposed move began nearly a year ago. The litigation has been long and arduous, and was prolonged again when the defendant decided to change counsel on February 9, 2000, the date originally assigned for trial. Since that time, the child has been involved peripherally in the litigation by the actions of the defendant. She perceives the litigation to be a fight between her parents, and has become increasingly anxious and fearful that the dispute involves violence, including yelling, screaming, and possibly hitting. Moreover, the plaintiff has become distraught about the fact that the child has been introduced into the dispute, a fact that must affect her ability to provide security for the child. It is contrary to the best interests of the child that her move be delayed because that delay would have the effect of heightening her uncertainty and anxiety about the litigation and its effects on her parents. If she is able to relocate now in accordance with the court's orders, she will be removed from the atmosphere of the litigation.
Moreover, the child's current living situation is untenable. Since last summer, she, her mother, and her baby brother have been living transitionally as guests in a single bedroom in the CT Page 4419 maternal grandmother's home while the parties awaited the outcome of the litigation. That arrangement is not in Allison's short or long term best interests. The plaintiff does not have the resources to establish a separate temporary residence for herself and the child and baby while awaiting the outcome of an appeal. However, the plaintiff's husband has already established a home in Lunenburg, Vermont where the plaintiff has been able to be while the child has been with the defendant. The child is familiar with that residence and comfortable in it. The court recognizes that the plaintiff does not intend that apartment to be a permanent residence for her and the child, but will seek other housing nearby as soon as she is able to reside in the Lunenburg area permanently. The defendant, who changed residences himself during the litigation, cannot be heard to complain that the plaintiff has not yet established a final residence in the Vermont area when he knows that her ability to do so has been delayed by the litigation and her commitment to continue to abide by the 1996 judgment until it was modified. The child's need for continuity, stability, and well being is best served by permitting her to move immediately with her mother to Vermont, where she can begin to build on the relationships she has already established there and where she can be free from inappropriate immersion in the litigation by the defendant.
The child's contact with her father and his family will be of shorter duration as a result of the court's decision than it had been under the original orders, both during the appeal process and, if the appeal is unsuccessful, afterward. That fact does not in itself require a conclusion that the child's best interests are served by an order staying the decision. "[I]t is the substance and character of the parent-child relationship, and not the particular form, that is critical [in determining outcomes for children]." Wallerstein and Tanke, "To Move or Not to Move: Psychological Considerations in the Relocation of Children Following Divorce," Family Law Quarterly, Volume 30, No. 2 (1996) (introduced into evidence as Defendant's Trial Exhibit M). The court is confident that the defendant will maintain a positive relationship with the child during the appeals process, and that the plaintiff will foster that relationship. Secondly, the CT Page 4420 frequency of the defendant's contact with the child is not the only factor that the court took into consideration in determining the best interests of the child. Viewing all of those factors, a delay in the implementation of these orders would be contrary to the child's best interests.
The court's order that the parties not discuss the litigation with the child[2] is modified. The plaintiff is authorized and directed to advise the child that their move to Vermont has been approved by the court. She may involve the defendant or the guardian ad litem in that discussion if she believes it would be helpful to the child. She is further authorized and directed to assure the child that the court has made provisions for frequent contact between the defendant and the child, and is authorized but not directed to advise the child that the parents will work together in the future regarding visitation issues. The parties are ordered not to discuss with the child the fact that an appeal has been taken or to speculate with her on any potential outcomes of that appeal.
A copy of this order will be transmitted by telefax to counsel of record and to the guardian ad litem as soon as it has been docketed by the clerk of the court.
Orders will enter accordingly.
BY THE COURT
GRUENDEL, J.